**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

State Farm Fire and Casualty Company *and* Maurice Lavon Robinson,

Plaintiffs,

v.

Admiral Insurance Company,

Defendant.

Civil Action No. 4:15-2745-RMG

**ORDER AND OPINION**

This matter is before the Court on Defendant Admiral Insurance Company's motion for summary judgment (Dkt. No. 50) and Plaintiff State Farm Fire and Casualty Company's motion for summary judgment (Dkt. No. 52). For the reasons set forth below, the Court grants Admiral's motion for summary judgment and denies State Farm's motion for summary judgment.

## I. Background

Plaintiff State Farm, which provided homeowner's liability coverage to Plaintiff Maurice Robinson, alleges Defendant Admiral had a duty to defend and to indemnify Mr. Robinson in an underlying tort action arising from fraternity hazing that Mr. Robinson hosted at his home. On October 22–23, 2011, Daniel McElveen was a pledge for the Pi Chi Chapter (Francis Marion Chapter) of Phi Beta Sigma Fraternity International, Inc.[1] That evening, Daniel McElveen and two other pledges went to the home of Mr. Robinson, vice president of the local alumni chapter of the fraternity, in Florence, South Carolina, where fraternity members gathered. At Mr. Robinson's home, Mr. McElveen and the two other pledges were subjected to several forms of hazing

[1] Factual statements are taken from the parties' stipulation of facts (Dkt. No. 48) unless another citation is provided.

including paddling that caused Mr. McElveen to suffer kidney damage and renal failure. He ultimately made a full recovery. Mr. Robinson denies that he paddled Mr. McElveen, but he otherwise admits that he participated in the hazing hosted at his home that night. (*See* Dkt. No. 55-1 at 6–8.) Mr. McElveen testified at trial that Mr. Robinson was "in charge" of the hazing. (Dkt. No. 50-4.)

On January 15, 2013, Mr. McElveen filed suit in the South Carolina Court of Common Pleas, Florence County against Phi Beta Sigma, Pi Chi, Jimmy Hammock (Pi Chi Chapter president), Francis Marion University, and Mr. Robinson. State Farm defended Mr. Robinson under his homeowner's policy, which had a $300,000 limit. Admiral defended Phi Beta Sigma, Pi Chi, and Mr. Hammock under a general commercial liability policy, number CA000002580-08, which had limits of $1 million per occurrence and $2 million in aggregate. (Dkt. No. 50-3.) Mr. Robinson tendered his defense to Admiral, but Admiral declined to accept it. The Admiral policy contained a hazing exclusion for bodily injury arising out of hazing, applicable to covered persons who participate in or direct others to participate in hazing. (*Id.*)

Admiral settled claims against Phi Beta Sigma, Pi Chi, and Mr. Hammock for $500,000. State Farm offered a $50,000 settlement, refused a $300,000 settlement offer, and the case proceeded to trial solely against Mr. Robinson. (*See* Dkt. No. 44 at 9 (referring to Bates State Farm 965).) State Farm provided a letter dated March 28, 2014 to Mr. Robinson assuring him that it would pay any excess verdict. (*Id.*) On April 3, 2014,[2] the jury awarded Mr. McElveen a judgment against Robinson of $600,000 actual damages and $1,000,000 punitive damages. The jury attributed 99% fault against Mr. Robinson and 1% against Mr. McElveen. The jury also found

[2] The parties' stipulation erroneously states April 3, 2013.

that Maurice Robinson's actions or omissions on October 22–23, 2011 were in furtherance of a Phi Beta Sigma initiation ritual required for membership.

After the trial, State Farm settled with Mr. McElveen for $975,000. On July 10, 2015, State Farm filed the present action, seeking indemnity, damages, and declaratory relief.

## II. **Legal Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

State Farm asserts Mr. Robinson was an insured under the Admiral policy as a volunteer worker with Phi Beta Sigma, and that Admiral therefore had a duty to defend him in the underlying tort action and to indemnify him. (Dkt. No. 52-1.) Admiral responds that Mr. Robinson was not an insured under the policy because he was not a volunteer worker for Phi Beta Sigma as that term is defined under the policy (at least with regard to the night of October 22–23, 2011), and that even if he were an insured, the claims against him fell under the policy's exclusion for violation of membership intake process and the policy's exclusion for bodily injury arising from hazing. Admiral seeks summary judgment for those same reasons.

The Court does not reach whether Mr. Robinson was an insured under the policy or whether his conduct fell under the policy's exclusion for violation of membership intake process. Even if Mr. Robinson were an insured under the policy issued by Admiral, Mr. McElveen's claims against him plainly fall under the policy's hazing exclusion. That exclusion provides,

> It is agreed this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of hazing, sexual abuse, physical abuse or molestation committed by any insured.
>
> This exclusion applies only to insureds who participate in or direct others to participate in the hazing, sexual abuse, physical abuse, or molestation.
>
> (Dkt. No. 50-3.)

There is no genuine dispute that Mr. McElveen's claims "arise out of hazing." (*See* Dkt. No. 50-1 (Mr. McElveen's complaint in state court).) State Farm's argument regarding the hazing exclusion is that it does not apply to Mr. Robinson because he did not participate in or direct others to participate in the hazing of Mr. McElveen. (*See* Dkt. No. 54 at 13.). That argument suffers from the fatal flaws that Mr. Robinson unambiguously testified that he did participate in the hazing that night. At his deposition, he testified:

> Q. You admit that that was hazing that was going on?
>
> A. Correct.
>
> Q. And that you participated it?
>
> A. Correct.
>
> . . .
>
> Q. And you agree that you violated the membership intake process of Phi Beta Sigma that night?
>
> A. That's correct.
>
> Q. And that you participated in hazing that night?
>
> A. That's correct.
>
> (Dkt. No. 55-1.)

At trial, Mr. Robinson testified:

> Q. Now, did you or did you not participate in any hazing the night of October 22nd into the morning hours of October 23rd?
>
> A. Yes, I do.
>
> Q. Okay. You just say you didn't beat him with a paddle is that right?
>
> A. That's correct.
>
> Q. Okay. But you admit that you participated in the activities that were going on at your home?
>
> A. Yes, sir.
>
> (Dkt. No. 54-10.)

Given that trial testimony, State Farm might mean to argue that Mr. Robinson nonetheless did not participate in the hazing of Mr. McElveen that resulted in Mr. McElveen's bodily injury because that injury resulted from paddling and Mr. Robinson did not paddle Mr. McElveen himself or direct others to paddle Mr. McElveen. But that argument would be without merit. The issue is not whether Mr. McElveen's injuries arose from a battery committed by Mr. Robinson (the policy

has a separate assault and battery exclusion). The issue is whether Mr. McElveen's injuries arose from a hazing incident that Mr. Robinson participated in. The parties admit Mr. McElveen's injuries arose from the October 22–23, 2011 hazing hosted in Mr. Robinson's home. Mr. Robinson admits he participated in that hazing. Further, he admits he had control over the hazing. Mr. Robinson testified that the hazing occurred at his home, that he observed the hazing, and that he could have stopped the hazing at any time. (Dkt. No. 55-1 at 7–8.) To invite something to occur in one's home and then to observe that thing occurring while having power to stop it at any time is to have control over that thing. Hence, at trial Mr. McElveen testified,

Q. Who was in charge that night?

A. Mr. Maurice Robinson.

Q. Whose home was the event held at?

A. Mr. Maurice Robinson's home.

Q. Who had the room with the paddles on the wall?[3]

A. Mr. Maurice Robinson.

(Dkt. No. 50-4 at 9.)

The Court finds no genuine dispute that Mr. McElveen's claim arose from a hazing incident in Mr. Robinson's home that Mr. Robinson had control over and that he participated in. The hazing exclusion therefore precludes Mr. Robinson from having any coverage claim against Admiral under policy number CA000002580-08. Admiral had no duty to defend or to indemnify Mr. Robinson. Defendant Admiral Insurance Company is entitled to judgment as a matter of law.

---

[3] Apparently, Mr. Robinson's fraternity paddles were displayed as trophies and were not the paddles used on Mr. McElveen. (Dkt. No. 50-4 at 17.)

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Admiral's motion for summary judgment (Dkt. No. 50) and **DENIES** State Farm's motion for summary judgment (Dkt. No. 52).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 25, 2017
Charleston, South Carolina